# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **BRENDA L. DANIEL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **Civil Action No. 5:16-cv-1919-CLS** |
| ) | |
| **HUNTSVILLE CITY BOARD** ) | |
| **OF EDUCATION,** *et al.,* ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION AND ORDER OF PARTIAL DISMISSAL

Plaintiff, Brenda Daniel, is a former employee of the Huntsville City Board of Education ("the Board").[1] She asserts that she was subjected to unlawful race discrimination, retaliation, and a racially hostile work environment, and she seeks redress for those alleged wrongs pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 1983.[2] The defendants to her claims are the Board; Elisa Ferrell, the President of the Board, who is sued in her official capacity; Beth Wilder, Pam Hill, Walker McGinnis, and Michelle Watkins, all of whom are members of the Board, and each of whom is sued

---

[1] Doc. no. 1 (Complaint), at ¶ 4.

[2] *Id.* at 17-22 (Counts One-Three). Plaintiff asserts her § 1981 claims "by and through" 42 U.S.C. § 1983. *See, e.g., id.* at ¶ 1. *See also Butts v. County of Volusia*, 222 F.3d 891, 892 (11th Cir. 2000) (holding that "§ 1983 contains the sole cause of action against state actors for violations of § 1981"). Plaintiff also asserts a state law claim for tortious interference with her business relationship with the Board, but that claim is not relevant to the present motion. *See* doc. no. 1 (Complaint), at 22-24 (Count Four).

in her or his official capacity; B.T. "Tom" Drake, the Interim Superintendent of Education, who is sued in his official capacity; Eugene C. "Casey" Wardynski, the former Superintendent, who is sued in his *individual* capacity; and Presonia Lynette Alexander, the former Principal of Woodlawn Middle School, who is sued in her *individual* capacity.[3]  Plaintiff seeks compensatory and punitive damages, back pay, and placement in the position(s) she would have occupied absent defendants' allegedly discriminatory and retaliatory treatment.[4]

This case currently is before the court on the motion to dismiss filed by defendants Ferrell, Wilder, Hill, McGinnis, Watkins, and Drake.[5]  Federal Rule of Civil Procedure 12(b) permits a party to move to dismiss a complaint for, among other reasons, "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  This rule must be read together with Rule 8(a), which requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While that pleading standard does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550

---

[3] *Id.* at 1. Plaintiff's complaint originally named Laurie McCaulley and Mike Culbreath as defendants, because they were members of the Board on the date the complaint was filed.  Since that date, Pam Hill and Michelle Watkins replaced McCaulley and Culbreath as members of the Board.  Therefore, Hill and Watkins are automatically substituted as defendants in place of McCaulley and Culbreath.  *See* Fed. R. Civ. P. 25(d).

[4] Doc. no. 1 (Complaint), at 18-22.

[5] Doc. no. 7.

U.S. 544, 550 (2007), it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). As the Supreme Court stated in *Iqbal*:

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [*Twombly*, 550 U.S., at 555]. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*., at 557.
>
> To survive a motion to dismiss founded upon Federal Rule of Civil Procedure 12(b)(6), [for failure to state a claim upon which relief can be granted], a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id*., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*., at 557 (brackets omitted).
>
> Two working principles underlie our decision in *Twombly*. *First*, the tenet that a court must accept as true all of the allegations contained in a complaint is *inapplicable to legal conclusions*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*., at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Second*, only a complaint that states a plausible claim for relief survives

a motion to dismiss. *Id*., at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not "show[n]" — "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While *legal conclusions* can provide the framework of a complaint, they must be supported by factual allegations. *When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief*.

*Iqbal*, 556 U.S. at 678-79 (emphasis supplied, second and fourth alterations in original, other alterations supplied).

Defendants assert that plaintiff's claims against them in their respective official capacities (which are the only claims that plaintiff asserted against them) should be dismissed as redundant of plaintiff's claims against the Board. Indeed, defendants are correct that official-capacity claims

> "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55, 98 S .Ct. 2018, 2035, n. 55, 56 L. Ed. 2d 611 (1978). As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Brandon*[ *v. Holt*]*,* 469 U.S. [464], 471-472 [(1985)].

*Kentucky v. Graham,* 473 U.S. 159, 165-66 (1985) (alterations supplied).  Other district courts within this circuit have routinely applied those principles to hold that official capacity claims against school superintendents and school board members should be dismissed when the board itself also is named as a defendant.  *See, e.g., Barnett v. Baldwin County Board of Education*, 60 F. Supp. 3d 1216, 1235-36 (S.D. Ala. 2014); *Murray v. Birmingham Board of Education*, No. 2:13-CV-822-KOB, 2013 WL 5923725, at *1-2 (N.D. Ala. Oct. 31, 2013); *M.R. v. Board of School Commissioners of Mobile County*, No. CIV.A. 11-0245-WS-C, 2012 WL 2931263, at *2 (S.D. Ala. July 18, 2012); *May v. Mobile County Public School System*, No. CIV.A. 09-00625-WS-C, 2010 WL 3039181, at *2 n.5 (S.D. Ala. July 13, 2010), *report and recommendation adopted*, No. CIV.A. 09-00625-WS-C, 2010 WL 3039627 (S.D. Ala. Aug. 4, 2010); *Bean v. Fulton County School System*, No. CIV.A.1:07-CV-0484JE, 2008 WL 515007, at *2 (N.D. Ga. Feb. 22, 2008); *Walton v. Montgomery County Board of Education*, 371 F. Supp. 2d 1318, 1324 (M.D. Ala. 2005); *Nixon v. Autauga County Board of Education*, 273 F. Supp. 2d 1292, 1296-97 (M.D. Ala. 2003).

Plaintiff does not dispute those well-established principles.  Instead, she argues that, because the Board has asserted the affirmative defense of Eleventh Amendment immunity,[6] she

---

[6] *See* doc. no. 12 (Board's Answer), at 11 (Affirmative Defense No. 26).

> may look to the lone exception to Eleventh Amendment immunity found
> in the *Ex parte Young*[, 209 U.S. 123 (1908)] exception. Under *Ex parte
> Young*, individual defendants can be named in their official capacity
> provided that there is an ongoing violation of federal law which can be
> corrected by injunctive relief. Here, there is an ongoing violation of race
> discrimination and retaliation which remains unremedied and which can
> be corrected by injunctive relief, *i.e.*, reinstatement.

Doc. no. 14 (Plaintiff's Response in Opposition to Defendants' Motion to Dismiss), at 3 (alteration supplied).

There are two flaws in plaintiff's argument. First, the doctrine of Eleventh Amendment immunity and its exceptions are irrelevant, because the Eleventh Circuit has recently held that "local school boards in Alabama are not arms of the state with respect to" employment-related decisions, and they consequently are not entitled to Eleventh Amendment immunity from employment-related claims. *Walker v. Jefferson County Board of Education*, 771 F.3d 748, 757 (11th Cir. 2014).

Moreover, even if the Eleventh Amendment were applicable to Alabama school boards, plaintiff has cited no authority to support the proposition that the *Ex parte Young* doctrine should constitute an exception to the well-established principle that official-capacity claims against government officials are duplicative of claims against the entity employing the officials. To the contrary, other district courts considering the issue have reached a contrary conclusion. For example, in an unpublished but well-reasoned and persuasive opinion, Chief Judge Karon Owen Bowdre of this court

discussed a motion to reconsider her previous order dismissing official capacity claims against individual members of the Birmingham Board of Education as repetitive of claims against the Board itself. Chief Judge Bowdre held:

> The first reason that the Plaintiffs give for error was the existence of a request for injunctive relief and, presumably, the need to have the board members in their official capacities as parties to carry through with any grant of injunctive relief. As Defendants pointed out in their response, however, such relief would be due from *the Board as an entity* and not from the individual members of the Board, who are powerless to act except by vote of the Board taken at a meeting compliant with the Alabama Open Meetings Act. *See* ALA. CODE §§ 16-1-41.1(b)(2), 16-11-9 & 36-25A. Therefore, the existence of a request for injunctive relief does not require the presence of the individual board members as party Defendants.
>
> Further, the Eleventh Circuit in *Busby v. City of Orlando* held that official capacity suits are, in actuality, suits against the entity that the officials represent, and, therefore, redundant. 931 F.2d 764, 776 (11th Cir. 1991). Plaintiffs identify no legal authority declining to apply the rule in *Busby* where claims of injunctive relief exist, and the court is aware of none that would apply to the circumstances of this case. Indeed, the Supreme Court decision on which *Busby* relies states that its reasoning applies to suits for money damages and equitable relief. *See Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985) ("There is no longer a need to bring official-capacity actions against local official, for . . . local government units can be sued directly for damages *and injunctive or declaratory relief*.") (emphasis supplied).
>
> In addition, if the Plaintiffs' argument were valid, the court would expect the Eleventh Circuit decisions applying *Busby* to dismiss only the official capacity claims requesting monetary damages and to retain those requesting injunctive and declaratory relief. The Plaintiffs identify no cases making that distinction, and this court's research reveals none. Certainly the cases the Plaintiffs cite in their briefs do not make that

distinction. In the cited district court decision, the district court addressed this issue and found official capacity claims against individual school board members requesting injunctive relief to be redundant to the claims against the school board itself. The court explained:

> Repetition neither makes the heart grow fonder nor the injunction grow stronger, and an entity need not be told the same thing twice before a court order will stick. This case is about claims for injunctive relief against the Board, and plaintiffs cannot repackage these same claims against the Individual Defendants in their official capacities to bring them twice, at the cost of unnecessary redundancy, inefficiency, and the risk of confusion.

*M.R. v. Board of School Comm'r*, 2012 WL 2931263, at *4 (S.D. Ala. July 18, 2012). While the district court decision is not controlling, the court finds it well-reasoned and persuasive. However, far from supporting the Plaintiffs' position that this court's dismissal of the official capacity claims represents clear error, *M.R.*'s holding and reasoning directly support this court's ruling. In short, the Plaintiffs provide no controlling or persuasive authorities to support their position that the dismissal of the official capacity claims was clear error, and this court is certainly not inclined to reject its own ruling when well-established case law buttresses it.

*Murray v. Birmingham Board of Education*, No. 2:13-CV-822-KOB, 2013 WL 5923725, at *1-2 (N.D. Ala. Oct. 31, 2013) (emphasis in original).

This court agrees that there is no case law support for plaintiff's argument that the official capacity claims for injunctive relief against the individual members of the Board should remain pending, even though they are redundant of the claims asserted against the Board itself. Accordingly, it is ORDERED that defendants' motion to

dismiss is GRANTED. It is further ORDERED that all of plaintiff's claims against defendants Elisa Ferrell, Beth Wilder, Pam Hill, Walker McGinnis, Michelle Watkins, and B.T. "Tom" Drake are DISMISSED with prejudice.

DONE this 6th day of April, 2017.

_____
United States District Judge