# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **BRENDA L. DANIEL,** | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 5:16-cv-1919-CLS |
| **HUNTSVILLE CITY BOARD OF EDUCATION,** *et al.,* | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This case is before the court on the motion filed by defendant Huntsville City Board of Education ("the Board") for partial reconsideration of this court's March 8, 2018 memorandum opinion and order granting in part and denying in part defendants' motion to strike plaintiff's declaration.[1]

The Board challenges the court's ruling with regard to paragraphs 16 and 42 of plaintiff's declaration. Paragraph 16 stated:

> I did not make any insensitive comments regarding a special needs student. To the contrary, out of concern for the student, I sought guidance in a session that was confidential, because I had not been given needed information in order to properly handle the situation. **When this write-up was brought to the attention of Shirley Wellington, she stated to me that such a write-up was entirely improper and unwarranted**.

Doc. no. 47-1 (Declaration of Brenda L. Daniel), ¶ 16 (emphasis in original).

---

[1] Doc. no. 60. The March 8 memorandum opinion and order is doc. no. 59.

Paragraph 42 stated:

> I reported my complaints against Principal Alexander to Shirley Wellington, *while Wellington was an AEA representative*, who very shortly after receiving those complaints, became Compliance Director. Wellington was well aware of my complaints. She encouraged me to counter the write-ups of Defendant Alexander. *Wellington stated to me that she believed the write-ups were totally unwarranted and improper.* Not only did Wellington advise me that she believed they were unwarranted and that she could not believe the level of impropriety of the write-ups, she also aided me in drafting the rebuttals. Those rebuttals were later made part of my personnel file.

*Id*., ¶ 42 (emphasis supplied).

The Board argued that plaintiff's recounting of Wellington's statements was inadmissible hearsay, but the court held that they were admissible, or could be presented in admissible form at trial, pursuant to Federal Rule of Evidence 801(d)(2), which states, in pertinent part, that a statement is not hearsay if it "is offered against an opposing party and . . . (C) was made by a person whom the party authorized to make a statement on the subject; [or] (D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed." Fed. R. Evid. 801(d)(2)(C)-(D) (alteration and ellipsis supplied).[2]

The Board now asks the court to reconsider that decision because Wellington was not yet employed as the Board's Compliance Director when she made the comments relayed in plaintiff's declaration. The Board is correct. When Wellington

---

[2] Doc. no. 59 (memorandum opinion and order on motion to strike), at 5-7.

made the alleged comments, she still worked as an AEA representative, not as the Compliance Director. Plaintiff argues in rebuttal that an agency relationship existed between Wellington and the Board even when Wellington was an AEA representative, because the AEA representative was responsible for bringing employee complaints to the attention of the Board or the Superintendent. That argument is not persuasive because, as a representative for an organization created to advocate for education professionals such as plaintiff, Wellington served an agent of the teachers, not of the Board. Moreover, because no employment or other agency relationship existed between Wellington and the Board, Wellington could not have been authorized to make statements on behalf of the Board.

Plaintiff also argues that Wellington's statements fall within the residual exception to the hearsay rule set forth in Federal Rule of Evidence 807:

> (a) In General. Under the following circumstances, a hearsay statement is not excluded by the rule against hearsay even if the statement is not specifically covered by a hearsay exception in Rule 803 or 804:
>
> > (1) the statement has equivalent circumstantial guarantees of trustworthiness;
> >
> > (2) it is offered as evidence of a material fact;
> >
> > (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and

(4) admitting it will best serve the purposes of these rules and the interests of justice.

Fed. R. Evid. 807. Plaintiff contends that Wellington's contested statements are trustworthy because Wellington began working for the Board as Compliance Director soon after making the statements. While that might indicate that the Board considered Wellington to be a generally trustworthy employee, it says nothing about the trustworthiness of statements made by Wellington before the date upon which she became a Board employee. Additionally, plaintiff's recounting of Wellington's statements would be no more probative than Wellington's own testimony, which plaintiff could reasonably obtain by calling Wellington as a witness.

Because plaintiff's recounting of Wellington's statements is hearsay that does not fit within any exception, those statements cannot be considered at summary judgment. Thus, it is ORDERED that the Board's motion for partial reconsideration is GRANTED. The March 8, 2018 memorandum opinion and order is modified to hold that paragraphs 16 and 42 of plaintiff's declaration are STRICKEN.

DONE this 30th day of March, 2018.

_____
United States District Judge